### Neilson *vs.* Neilson and others.

Where the testator in the life time of his first wife devised to his son lands to the value of $1500, to be taken at an appraisement, and to be selected by the decree out of any of the lands of the testator excepting two farms specified in the will; and the testator, after the death of his first wife, married another wife, who survived him and claimed dower in all his real estate and had it assigned to her; *Held* that the devisee was entitled to lands, to the full value of $1500, exclusive of the claim of dower, or of any other claims thereon which might diminish its value.

THE bill in this cause was filed for the purpose of obtaining a judicial construction of a clause in the will of the com-

plainant's father, by which he gave to the complainant land to the value of $1500, to be taken at the appraisal of men, out of such of the testator's lands as the devisee should select, except two farms devised to the testator's then wife, and to one of his other sons. After the making of the will the wife died; and the testator remarried and died leaving the second wife surviving. After his death the widow claimed her dower in all the testator's real estate, and the same was assigned to her under an order or decree of the surrogate. The complainant afterwards selected lands which had not been set off to her for dower, as the lands out of which his $1500 in value was to be taken on appraisal, and he insisted that he was entitled, under the will, to lands of that value exclusive of any claim of dower or other incumbrance thereon. The other devisees refused to appoint appraisers to set off land to him to that value, but claimed a deduction equal to what the widow's dower in the lands selected would have been if it had not been assigned to her in other lands. The cause was submitted upon the case as stated in the complainanant's bill.

*E. H. Kimball,* for complainant.

The Chancellor. The rights of the parties under this will, in reference to the question now presented, were in nowise altered by the change which took place in the testator's family after the making of the will. The devise of the farm to the first wife was neither in terms, nor by necessary implication, a devise to her in lieu of her dower. She might, therefore, if she had survived her husband, have claimed her dower in all the other real estate of the testator, as the second wife has done. The devise to the complainant of land to the value of $1500, to be taken at the appraisal of men, means land which shall be of that value, over and above all charges, incumbrances, or claims thereon, which might render it less valuable to the owner thereof. He is therefore entitled to lands which are worth $1500, beyond any claim or right of dower therein; and the other devisees were in the wrong in resisting the claims of the complainant as stated in the bill.

There must be a decree declaring his rights accordingly. If the parties cannot agree upon the quantity of land to be set off to him to satisfy this provision of the will, it must be referred to a master residing in the county of Saratoga to designate three reputable freeholders of that county to set off to him lands to the value of $1500, beyond all legal or equitable claims and incumbrances thereon, out of the farm selected by him as that out of which his legacy was to be satisfied as mentioned in the bill. And the certificate of such appraisers, specifying the lands thus assigned to him, describing the same by metes and bounds, must be acknowledged or proved in the manner required by law for the proof or acknowledgment of deeds or conveyances, and recorded in the book of deeds in the clerk's office of Saratoga county; and the complainant must thereupon immediately be let into the possession of the land thus assigned.

The complainant's costs of this suit should be paid out of the property devised or bequeathed to the residuary legatees and devisees.